lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROLLY O'DELL COLLIER-KINNELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>) | Case No. 10-4140-JAR |

## MEMORANDUM AND ORDER

This lawsuit was filed pro se by Rolly O'Dell Collier-Kinnel, who was recently released from years of confinement within the Kansas Department of Corrections.[1] Plaintiff seeks leave to proceed in forma pauperis (Doc. 3), and as a seaman under 28 U.S.C. § 1916. Plaintiff's Complaint is filed as an employment discrimination lawsuit, and alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* In the caption and description of parties, plaintiff names the following defendants: United States of America, State of Kansas, President Barack Obama, State Courts of Kansas, State Appellate Courts of Kansas, United States Supreme Court Clerks, Tenth Circuit Court of Appeals, Federal Appellate Courts, and United States District Court.[2]

---

[1] While in prison, plaintiff filed numerous lawsuits, resulting in Judge Wesley E. Brown designating him as a "three-strikes" prisoner litigant and ordering that his access to this Court be limited "because of his abuse of the processes of this court." *Kinnell v. Connally*, Case No. 86-0337 (Apr. 3, 1991).

[2] Plaintiff's naming of the United States District Court as a defendant leaves this Court with "no practical option but to consider his claims," since there is no district court or federal judge to which this action might be reassigned. *See Kinnell v. United States Dist. Court Judges*, Case No. 10-3149-SAC, 2010 WL 3927620, *1 (D. Kan. Oct. 4, 2010) (proceeding to analyze plaintiff's claims despite his naming "all U.S. District Court Judges" as defendants).

By the terms of 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's Complaint must be reviewed and, if found to be frivolous or malicious or to not state a claim on which relief may be granted, then the court must dismiss the case. It is well-established that:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se applicant's complaint liberally.[3]

Section 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.[4] Although plaintiff is no longer a prisoner, courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants proceeding in forma pauperis.[5]

Plaintiff's Complaint states that he was denied employment and the chance to "salvage" his naval career. Plaintiff asserts that the discrimination occurred "upon all court actions," from 1998 until the date of this lawsuit. Under the "Administrative Procedures" portion of his Complaint, plaintiff checked "no" in response to the question regarding whether he had exhausted his administrative claims either with the State of Kansas or the Equal Employment Opportunity Commission ("EEOC") or other federal agency. Plaintiff also checked "no" in response to the question whether he received a Notice of Right to Sue Letter. Plaintiff alleges

---

[3] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotation marks and citations omitted).

[4] *See Jones v. Barry*, 33 F. App'x 967, 971 2002 WL 725431 (10th Cir. Apr. 25, 2002).

[5] *See Alexander v. Wichita Hous. Auth.*, Case No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007) (citations omitted).

that the conduct complained of is "failure to hire me," and "to not receive adequate hearing as a pro se-indigent." Plaintiff's Complaint sets forth the essential facts of his discrimination claim as because he is "black; pro anti-capitalist greed; unregistered voter," and that Justice Clarence Thomas was confirmed after Congress discriminated against Anita Hill, followed by Justice Thomas's statements to the media that "something needs to be done about too much prison litigation," and that there "will be facts of Judicial conspiracy." Plaintiff requests that defendants be directed to employ him, that he be assigned Secret Service protection, that an injunction be issued "to stop the President," and for damages of $13 trillion.[6]

The Court concludes that this action must be dismissed as frivolous. It is well settled that a plaintiff must exhaust his administrative remedies before bringing suit under Title VII.[7] In the Tenth Circuit, failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.[8] It is clear from plaintiff's Complaint that he did not even attempt to exhaust his administrative remedies, as he asserts that such a charge would be "futile due to my false arrest."

Moreover, plaintiff's Complaint is devoid of any factual description as to how he was allegedly discriminated against and by whom. Although a plaintiff need not plead the facts or legal theories of his claims with particularity, he must provide sufficient detail so that the

---

[6]The voluminous attachments to plaintiffs Complaint appear to be pleadings from his 1998 state criminal proceedings and various other civil cases filed in the past. Because their relevance is neither discussed in the Complaint nor facially evident, the Court does not consider them.

[7]*Arumburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997). In contemplating a dismissal under § 1915, the district court may consider affirmative defenses, such as the failure to exhaust administrative remedies, sua sponte only under circumstances in which it is "'obvious from the fact of the complaint' and '[n]o further factual record [is] required to be developed.'" *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987)). *See also Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006).

[8]*Jones v. Runyon,* 91 F.3d 1398, 1399 n.1 (10th Cir.1996).

3

defendant can frame an answer.[9]  Additionally, the Court requires sufficient detail to fulfill its responsibility to dismiss frivolous claims brought by in forma pauperis plaintiffs.  Here, plaintiff provides only the most vague, rambling description of the alleged facts supporting his claim.  For example, he does not indicate if, or when, he was employed as a "seaman," or how, or by whom, he was allegedly denied employment.  Further, as in prior suits he has instituted, most, if not all, named defendants are immune to suit for actions that seek monetary relief or are taken within their official or judicial capacities.[10]

The Court believes that there is no logical construction of plaintiff's Complaint from which to divine a cognizable claim against the named defendants.  The Court also finds that any attempt to amend the Complaint would be futile.  In addition, the Court finds that this action is a continuation of plaintiff's "long-established pattern of abusive, malicious, and frivolous litigation in this court."[11]  Consequently, the Court certifies that any appeal of this Order is not taken in good faith pursuant to § 1915(a)(3), and accordingly, denies leave to proceed in forma pauperis on appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is GRANTED;

---

[9]Fed. R. Civ. P. 8(a).

[10]*See, e.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (holding that states are immune from suit under the Eleventh Amendment unless the state consents to suit or Congress validly abrogates the states' immunity); *Forrester v. White*, 484 U.S. 219, 225 (1988) (holding the President of the United States is absolutely immune from damage liability arising from official acts); *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004) (state officials are immune from suit for money damages in their official capacity under the Eleventh Amendment); *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (affirming dismissal of a pro se action against state judges based upon judicial immunity, citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[11]*See Kinnell v. United States Dist. Court Judges*, Case No. 10-3149-SAC, 2010 WL 3927620, *2 (D. Kan. Oct. 4, 2010) (discussing plaintiff's history of filing abusive and frivolous lawsuits while in prison and continuing after his release).

**IT IS FURTHER ORDERED** that this action is DISMISSED as frivolous, with prejudice, and all relief is denied.

**IT IS FURTHER ORDERED** that any appeal is certified as not taken in good faith, and leave to proceed in forma pauperis on appeal is also denied as a result.

**IT IS SO ORDERED.**

Dated: November 17, 2010

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE